IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BONNIE HALL DAVENPORT,

    Plaintiff,

v.                                                                                            Civ. No. 14-470 SCY

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO REVERSE OR REMAND**

THIS MATTER is before the Court on Plaintiff Bonnie Hall Davenport's Motion to Reverse and Remand the Social Security Commissioner's final decision denying Plaintiff disability insurance benefits. *Doc. 16*. Having reviewed the Motion and being otherwise fully advised, the Court finds that the Social Security Appeals Council improperly failed to consider the new evidence presented on appeal. The Court will, therefore, **GRANT** Plaintiff's Motion to Reverse and Remand as further discussed below.

**I.**    **BACKGROUND**

    *A.  Plaintiff's Medical History*

Plaintiff Bonnie Hall Davenport is a 51-year-old woman who suffers from chronic neck and back pain and chronic fatigue. *Doc. 11*, Administrative Record ("AR") at 380, 527, 570. She has been diagnosed with degenerative disc disease, psoriatic arthritis, occipital headaches, and more generally fibromyalgia. AR 525, 534, 561, 675. Until roughly 2010, Ms. Davenport enjoyed a successful career working as an information technology specialist, most recently for Los Alamos National Laboratory. AR 106-108. In 2010, Ms. Davenport stopped working

1

entirely because of her pain and fatigue. AR 117. Ms. Davenport has testified that her doctors supported this decision as her health was deteriorating. *Id.* She claims that pain and discomfort now prevent her from functioning more than four hours a day. AR 115.

### B. *Procedural History*

On December 20, 2010, Ms. Davenport filed a Title II application for disability insurance benefits, alleging a disability start date of March 5, 2010. After her claim was denied on initial review and upon reconsideration, her case was set for a hearing in front of Administrative Law Judge ("ALJ") J. Dell Gordon. On January 15, 2013, ALJ Gordon held a hearing where Ms. Davenport testified about the extent of her alleged disability. Roughly one month later, on February 26, 2013, ALJ Gordon issued a written decision finding that Ms. Davenport was not disabled.

As part of making this determination, ALJ Gordon found that Ms. Davenport suffered from four severe impairments: degenerative disc disease, inflammatory arthritis, plantar fasciitis, and fibromyalgia. AR 89. ALJ Gordon also noted that Ms. Davenport reported experiencing secondary depression and anxiety. AR 90. After considering the intensity, persistence, and limiting effects of these conditions, ALJ Gordon decided that Ms. Davenport was capable of resuming her previous employment. AR 93. As a result, he found that she was not entitled to disability benefits. AR 94.

Ms. Davenport appealed this decision to the Social Security Appeals Council. On appeal, she presented several pieces of additional evidence to support her claims of disability. This evidence included: (1) a psychological report written by Esther D. Davis, Ph.D., dated July 18, 2013 (AR 14-27), (2) a physical assessment and written statement from her treating physician Sharon Nunez, M.D., dated April 3, 2013 and December 4, 2013 respectively (AR 9, 28-29), and

(3) records from Vidya Raj Krishnamurthy, M.D., a doctor who treated her in April and May of 2013 for renal failure (AR 35-47). The psychological report indicated that Ms. Davenport suffered from moderate depression and severe anxiety. AR 19. Based on this assessment and on Ms. Davenport's reports of chronic pain, Dr. Davis opined that Ms. Davenport had marked limitations in many of the areas that are necessary for employment. AR 23-27. Dr. Nunez concurred in this opinion. AR 9. In her own report, she explained that Ms. Davenport cannot stand for more than two hours in a work day or sit for more than four hours because of her pain and fatigue. AR 28-29.

Dr. Krishnamurthy's records state that Ms. Davenport came to see him in April 2013 complaining of voiding problems and fatigue. Of particular concern were her high creatinine levels, which were first noted by her rheumatologist sometime before February 25, 2013. AR 41-42. Dr. Krishnamurthy diagnosed her with acute renal failure and advised that she immediately stop taking methotrexate and NSAIDs, which he believed had contributed to the kidney injury. AR 39, 42.

The Appeals Council acknowledged that it had received the above records and reports, but declined to consider them because "[t]his information is about a later time" and "it does not affect the decision about whether you were disabled beginning on or before February 26, 2013."[1] Based in part on this decision, the Appeals Council denied Ms. Davenport's appeal. On May 20,

---

[1] Despite this language, Respondent contends that the Appeals Council properly considered the records of Dr. Davis, Dr. Nunez, and Dr. Krishnamurthy. Respondent bases this argument on the Appeals Council's generic statement that it "considered the reasons [Ms. Davenport] disagree[d] with the decision and the additional evidence listed on the enclosed Order of Appeals Council." While this evidence included the records of Dr. Davis, Dr. Nunez, and Dr. Krishnamurthy, the Appeals Council's later finding that Dr. Davis, Dr. Nunez, and Dr. Krishnamurthy's records were not temporally relevant makes clear that this evidence was not actually considered by the Council within the meaning of the relevant regulations. *See Padilla v. Colvin*, 525 F. App'x 710, 712 (10th Cir. 2013) (even though the Appeals Council suggested that it had considered the additional evidence presented on appeal, "the Appeals Council's dismissal of th[is] additional evidence's import on the grounds that it was not temporally relevant indicates that it ultimately found the evidence did not qualify for consideration at all.").

2014, Plaintiff filed her complaint in the instant matter. *Doc. 1*.

## II. APPLICABLE LAW

The regulations promulgated by the Social Security Commissioner require the Appeals Council to consider evidence submitted with a request for review "if the additional evidence is (a) new, (b) material, and (c) related to the period on or before the date of the ALJ's decision." *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. Okla. 2003); *see also* 20 C.F.R. § 404.970(b). Evidence is "new" if it is not cumulative or duplicative of the evidence submitted to the ALJ. It is "material" if there is a reasonably possibility that consideration of the evidence would change the disability determination. Finally, it is chronologically relevant if it sheds light on whether the claimant was disabled during the time period prior to the ALJ determination. *Threet*, 353 F.3d 1185, 1191. Failure to consider evidence that satisfies these three criteria constitutes reversal error. *Id.*; *see also Casias v. Sec'y of Health & Human Serv.*, 933 F.2d 799, 800-01 (10th Cir. 1991) (When reviewing the denial of social security benefits, the court must reverse the Social Security Commissioner's final decision if the Commissioner did not apply the correct legal standards in reaching this decision.).

## III. ANALYSIS

The Court agrees with Ms. Davenport that the Appeals Council improperly refused to consider records of Dr. Davis, Dr. Nunez, and Dr. Krishnamurthy.[2] *Doc. 16* at 4. The parties and the Court agree that this evidence was new; there was hardly any evidence regarding the extent of Ms. Davenport's anxiety and depression and no evidence of her renal failure in the records

---

[2] Ms. Davenport identifies four alleged errors that contributed to the denial of her claim for social security benefits. Because the Court has found that the Appeals Council erred in refusing to consider the new evidence submitted on appeal, the Court will not address Ms. Davenport other contentions, but will reverse and remand to allow the Appeals Council to first address the effect of the new evidence on Ms. Davenport's claim.

presented to the ALJ. Similarly, there does not appear to be any serious[3] dispute that this evidence is material; if credited the psychological evaluation reveals that Ms. Davenport suffers from severe anxiety that would impact her ability to function at work. This directly undermines the ALJ's decision not to include any nonexertional limitations in his residual functional capacity determination. The records from Dr. Krishnamurthy also seriously undercut the ALJ's assessment, because they contain evidence of another, acute underlying condition that could explain and support Ms. Davenport's subjective reports of being too fatigued to work.

Because the records are clearly new and material, the primary issue presented to this Court is whether these records are temporally relevant or whether they are "about a later time" as the Appeals Council claimed. The Appeals Council suggested only one reason for this determination: the records are all dated after the ALJ determination. AR 2. This is not, however, sufficient reason, standing alone, to conclude that the records are chronologically immaterial. *See Padilla v. Colvin*, 525 F. App'x 710, 712 (10th Cir. 2013) (finding that a psychological evaluation and an audiologist report completed after the ALJ determination were chronologically relevant). Instead, the Appeals Council should have considered whether these reports contain information about Ms. Davenport's physical or mental health prior to February 26, 2013. As explained below, the reports satisfy this standard.

---

[3] Respondent summarily argues that "the evidence [at issue] was not material or chronologically pertinent such that it provided grounds to change the ALJ's decision." But, Respondent only returns to the issue of materiality once, when arguing that Dr. Krishnamurthy's records were not material because they relate to a new condition – renal failure. As the Court elsewhere explains, Dr. Krishnamurthy's diagnosis of renal failure is connected to symptoms Ms. Davenport was experiencing prior to the ALJ determination of non-disability. This is not a case where a new diagnosis is immaterial because there is no evidence that the newly diagnosed disease had any impact on the claimant during the relevant period. *See Chambers v. Barnhart*, 389 F.3d 1139, 1144 (10th Cir. 2004) (new evidence of "the mere presence of a condition with no vocationally relevant impact" is not material evidence that needs to be considered on appeal).

### A. Dr. Davis

By its own terms, Dr. Davis's psychological evaluation of Ms. Davenport relates to the period on or before the ALJ determination. The narrative portion of the report contains an extensive analysis of Ms. Davenport's psychiatric history, including a discussion of how leaving her job in 2010 exacerbated her anxiety and depression. AR 16-17, 20. Furthermore, Dr. Davis's formal assessment of Ms. Davenport's mental ability to work purports to encompass findings "from a year prior to [the] initial visit to [the] current examination." AR 23. The Appeals Council did not provide any reason for disregarding this direct statement of temporal relevance and the Court cannot conceive of any valid reason for assuming such a position.

Although Ms. Davenport did not have a treatment relationship with Dr. Davis prior to February 2013, other evidence of Ms. Davenport's anxiety and depression well predates the ALJ determination. For instance, her medical records indicate that she was "positive for anxiety" as early as 2008 (AR 363) and was taking medication for depression in 2009 (AR 393).  In fact, as of August 2011, Ms. Davenport had already reported "secondary anxiety and depression" to the Social Security Commissioner as a basis for her disability claim. AR 627-631. The ALJ acknowledged these allegations, but found that Ms. Davenport's mental health issues did not "cause more than minimal work-related limitation[s]." AR 90. Dr. Davis's psychological report undermines this finding and "corroborates" the reports of Ms. Davenport's anxiety and depression documented prior to February 26, 2013 and is therefore temporally relevant. *See Padilla*, 525 F. App'x at 713.

### B. Dr. Nunez

Dr. Nunez signed a statement on December 4, 2013 concurring in Dr. Davis's findings (AR 9); this statement is temporally relevant for the same reason that Dr. Davis's opinion is

6

temporally relevant. Dr. Nunez also completed a physical assessment of Ms. Davenport on April 3, 2013. This report contains opinions about how Ms. Davenport's pain affected her physical ability to work between "2010 to the current examination." AR 28-29. Thus, it directly relates to whether Ms. Davenport was disabled prior to the date of the ALJ determination. This is unsurprising as Dr. Nunez began treating Ms. Davenport for arthritis, pain, and fatigue in March 2011 (AR 527) and would therefore be familiar with Ms. Davenport's physical limitations in the period prior to the ALJ determination.

### C. Dr. Krishnamurthy

While Dr. Krishnamurthy did not begin treating Ms. Davenport for renal failure until April 2013, after the ALJ determination of non-disability, his records augment and help explain symptoms Ms. Davenport was experiencing prior to February 26, 2013. Ms. Davenport sought treatment from Dr. Krishnamurthy in April 2013 complaining of, among other things, voiding problems and fatigue. These are both symptoms Ms. Davenport had reported other doctors prior to February 26, 2013. AR 333-34, 522, 561-579, 645, 651. During his first two visits with Ms. Davenport, Dr. Krishnamurthy noted that she had been struggling with high creatinine levels for some time and had seen another doctor on February 25, 2013 (once again prior to the ALJ determination) to address this problem. AR 41, 44. He diagnosed her with acute renal failure caused, at least in part, by the use of NSAIDs[4] and methotrexate use. AR 42. This diagnosis clearly relates to symptoms Ms. Davenport was experiencing and reporting prior the ALJ determination. For this reason, the Court finds that Dr. Krishnamurthy's records are chronologically pertinent and should be considered by the Appeals Council.

### D. *The Value of the Additional Evidence*

In addition to arguing that the Appeals Council properly refused to consider the records

---

[4] Ms. Davenport has been taking NSAIDs since at least November 2010. AR 525.

of Dr. Davis, Dr. Nunez, and Dr. Krishnamurthy as chronologically irrelevant, Respondent contends that the Court should deny Plaintiff's motion to remand to the Appeals Council because "none of the new records demonstrated that the ALJ's decision was contrary to the weight of the evidence prior to February 2013." *Doc. 19* at 11. Analysis on remand might demonstrate that Respondent is correct. But the Court canot entertain Respondent's argument at this time. Whether a medical opinion submitted to the Appeals Council qualifies as new, material, and chronologically pertinent is a question of law subject to de novo review. *Threet*, 353 F.3d at 1191. If a court determines that the Appeals Council improperly failed to consider qualifying new evidence, the case must be remanded for further proceedings. *Chambers v. Barnhart*, 389 F.3d 1139, 1143 (10th Cir. 2004). A reviewing court is not permitted to uphold the denial of benefits in the face of an error in refusing to consider evidence merely because the reviewing court believes this evidence does not undermine the ALJ determination. *Id.*

    IT IS THEREFORE ORDERED that Claimant Bonnie Hall Davenport's Motion to Reverse and Remand (*doc. 16*) is granted. The Social Security Commissioner's denial of Ms. Davenport's claim for disability benefits is reversed and the case is remanded to the Social Security Appeals Council for further proceedings that are consistent with the opinion.

*[Signature: Steve Yarbrough]*